IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FREDERICK RAY NASH, JR.,

    Petitioner,

v.                                                CASE NO. 5:08-cv-39-RH-AK

S.A. MIDDLEBROOKS,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

       This matter is before the Court on Doc. 7, Amended § 2241 Petition for Writ of Habeas Corpus, filed by Frederick Ray Nash, Jr. Respondent has filed his answer, Doc. 14, and Petitioner has filed a reply. Doc. 15. Respondent also filed a surrebuttal with the Court's permission. Doc. 18. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be denied.

**BACKGROUND**

       Petitioner was recently released from a 37-month sentence from the United States District Court for the Northern District of Alabama for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See* http://www.bop.gov. At the time he filed this action, Petitioner was confined at FCI Marianna; thus, this cause was properly filed in this Court. Petitioner's release does not, however, moot this petition. Because Petitioner must now serve a term of supervised release, see Doc. 14, Att. BJB01, if he is successful in this case, he could receive a reduced or modified term of supervised release. *See Mitchell v. Middlebrooks*, 287

Fed. Appx. 772, 775 (11th Cir. 2008).

Before his arrival at FCI Marianna, Petitioner was interviewed by a drug treatment specialist at FCI Talladega to determine whether Petitioner was eligible to participate in the Residential Drug Abuse Program (RDAP). While Petitioner was deemed eligible for participation in the RDAP, he was not eligible for early release because his incarcerating offense excluded him from early release based pursuant to BOP regulations. Petitioner was formally advised of the BOP's decision that he did not "appear" to be "provisionally eligible for early release" based on "922g," which Petitioner signed in acknowledgment. The Unit Team agreed with that determination, indicating that Petitioner's conviction under § 922(g) excluded him from early release because the "[c]rime [was] listed under the Director's Discretion as contained in the Categorization of Offenses Program Statement."

Petitioner pursued his administrative remedies, and at each level, he was denied relief. At the final level of administrative appeal, Petitioner was advised in pertinent part as follows:

> In accordance with Program Statement 5162.04, Categorization of Offenses, inmates will be denied the benefits of certain programs if the instant offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons. The offense for which you received a 37-month sentence was for your violation of 18 U.S.C. 922(g). This offense is listed in section 7e and is thereby precluded from eligibility for program benefits such as early release.

Doc. 14, Att. BJB02.

The instant petition ensued. On this occasion, Petitioner complains that based on the Ninth Circuit's opinion in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), Program Statement 5162.04 is void as violative of the Administrative Procedures Act, and that the Bureau's "categorical exclusion of non-violent offenders from eligibility for sentence reduction

under 18 USC § 3621(e) is in direct [conflict] with the legislative intent behind the statute." Doc. 7.

**DISCUSSION**

Section 3621 of Title 18 of the United States Code governs the imprisonment of persons convicted of federal crimes and provides, in pertinent part, for the "appropriate substance abuse treatment for each prisoner the Bureau [of Prisons] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To carry out this objective, the Bureau "shall, subject to the availability of appropriations, provide residential substance abuse treatment (and make arrangements for appropriate aftercare)...." *Id*. at § 3621(e)(1).

As an incentive for successful completion of a drug treatment program, the "period a prisoner convicted of a nonviolent offense remains in custody...may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." *Id*. at § 3621(e)(2)(B). The reduction in sentence is discretionary with the BOP: "When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Lopez v. Davis*, 531 U.S. 230, 241 (2001).

When determining eligibility for early release, the BOP "need not blind itself to pre-conviction conduct," and it acts reasonably "both in taking account of pre-conviction conduct and in making categorical exclusions." *Id*. at 242. Thus, as an "exercise of the discretion vested in the Director of the Federal Bureau of Prisons," an inmate who is not eligible for participation in a community-based program–"as determined by the Warden on the basis of his or her professional discretion"--is not eligible for early release. 28 C.F.R. § 550.58(a)(1)(v). If an

inmate cannot "participate in community-based programs," he cannot "complete the transitional services component of treatment in a Community Corrections Center or on home confinement." U.S. Dept. of Justice, Federal Bureau of Prisons Program Statement 5330.10 (May 25, 1995). As an exercise of the Director's discretion, "[a]ll offenses under 18 U.S.C. § 922(g) shall preclude an inmate from receiving certain Bureau program benefits." U.S. Dept. of Justice, Federal Bureau of Prisons Program Statement 5162.04 (Oct. 9, 1997).

The Bureau is afforded wide discretion in its classification of the prisoners under its care, custody, and control, *Cohen v. United States*, 151 F.3d 1338, 1342-44 (11th Cir. 1998), and after carefully considering the matter, the Court finds nothing either arbitrary or capricious or otherwise improper about its determination that Petitioner should be deemed ineligible for early release. Prisoners convicted of § 922(g) offenses are categorically ineligible for early release consideration pursuant to the Director's discretion. While possession of a firearm is not considered a "crime of violence" by the BOP, the Director has determined that § 922(g) offenders should be denied early release eligibility because "by its nature" the possession of ammunition by a prior convicted felon "presents a serious potential risk of physical force against the person or property of another." P.S. 5162.04. Petitioner's argument that he should not be excluded from early release is no persuasive, as the Director may, without any consideration of the particulars, categorically deny a class of inmates, such as those convicted of § 922(g) offenses, early release eligibility. *See Lopez*, 531 U.S. at 242.

As to Petitioner's APA argument, it has been roundly rejected by almost every court to consider it, including this one. *See Ables v. Eichenlaub,* 2009 WL 722287 (N.D. Fla. Mar. 18, 2009), *aff'd*, 2009 WL 1080434 (N.D. Fla. April 20, 2009). The *Ables* Report and

Recommendation thoroughly examines the issues raised by *Arrington*, and the undersigned finds no reason to deviate from its reasoning or conclusions.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 7, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  *23rd*  day of June, 2009.

*S/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**